IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUNTEZ HAIRSTON, )  | |
| ) | |
|         Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-536-GPM |
| ) | |
| ANNETTE TIM, *et al.*, ) | |
| ) | |
|         Defendants. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On July 20, 2009, Plaintiff, a pretrial detainee at the St. Clair County Jail (SCCJ), filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2). The complaint alleged that Plaintiff had been beaten up by several guards at SCCJ on June 30, 2009. The complaint also alleged that Plaintiff had been denied medical care for the injuries he sustained as the result of the attacks. Perhaps recognizing that he would be prohibited from proceeding *in forma pauperis* because he had acquired "3 strikes"[1] under 28 U.S.C. § 1915(g), Plaintiff filed a "motion to clarify" (Doc. 4) asserting that he was "under imminent danger of serious physical injury."

A few days later on August 4, 2009, Plaintiff filed a "motion to amend/supplement" his complaint (Doc. 5). A copy of the proposed amendment was received by the Court, but because the

---

[1] *See, e.g., Hairston v. St. Clair County Sheriff's Dept.*, Case No. 07-cv-445-MJR (S.D. Ill., filed June 20, 2007) (partial dismissal for failure to state claim against defendant); *Hairston v. Walker*, Case No. 07-cv-704-DRH (S.D. Ill., filed Oct. 9, 2007) (case dismissed pursuant to 28 U.S.C. § 1915A); *Hairston v. Walker*, Case No. 08-cv-362-GPM (S.D. Ill., filed May 19, 2008) (partial dismissal for failure to state claim against two defendants).

motion has not been ruled on, the proposed amended complaint was not docketed in the case.

A few days after that, on August 10, 2009, Plaintiff filed a motion to dismiss (Doc. 6). Additional motions to dismiss (Docs. 7 and 8) were filed shortly thereafter. Plaintiff has filed a "motion clarification" (Doc. 9) and a "motion to clarify" (Doc. 10) concerning his motions to dismiss. These were then followed by a motion to appoint counsel (Doc. 11); a motion to *not* file his amended complaint (Doc.12); a motion to amend/correct and supplement his complaint (Doc. 13);[2] a motion to proceed in this cause (Doc. 14); and another motion to clarify (Doc. 15).

Several of Plaintiff's motions (Docs. 6, 7, 8, 9, and 10) suggest that "the court is not receiving the material [i.e., amended complaint] [and] [i]f the Court is not receiving [the] material plaintiff is submitting to court . . . then all his endeavors are futile." The Court believes that this assertion must be addressed. As noted above, the Court did receive Plaintiff's motion to amend his complaint on August 4, 2009. The amended complaint was attached to Plaintiff's motion to amend (Doc. 5).[3] Six days later – before the Court could rule on Plaintiff's motion to amend - Plaintiff moved to dismiss this case (Doc. 6). Thus, Plaintiff's assertion that the Court was not receiving his pleadings is unfounded.

The pleadings in *Hairson v. Tim*, Case No. 09-cv-598-MJR (S.D. Ill.), demonstrate that before moving to dismiss this case, Plaintiff had already begun litigation in state court asserting that jail guards – including defendants in this case – had used excessive force against him and denied him

---

[2]The proposed amended/corrected and supplemented complaint was received by the Court but, because the motion to amend/correct and supplement has not been granted, the proposed complaint has not been filed.

[3]The Court notes that the proposed amended complaint failed to comply with provisions of Local Rule 15.1.

medical care with regard to the June 30 attack.[4]  Plaintiff asserts that this other action concerns the actual attack, not the denial of medical care stemming from the attack.  But that is not what the complaint in that case asserts or how the Court has construed that action.  Many of the claims asserted in this case are being re-asserted in Case No. 09-cv-598-MJR.  In short, the records of this Court indicates that this action is duplicative of the action in Case No. 09-cv-598-MJR.  As such the instant action should be dismissed.

The amendments, corrections, and supplements that Plaintiff proposes to make to his complaint indicate that Plaintiff is trying to differentiate this action from Case No. 09-cv-598-MJR.  At best, however, the difference is merely that in Case No. 09-cv-598-MJR, Plaintiff is seeking relief for being denied medical care on June 30, 2009, for the injuries he sustained in an attack that occurred that same day; while in this case he asserts that he is being denied "ongoing" medical treatment for the injuries he sustained as a result of the attack on June 30, 2009.  To the extent that Plaintiff seeks relief from the ongoing denial of medical treatment for his injuries, he should do so in the same suit (still pending before this Court) wherein he claims he was initially denied medical treatment for his injuries.

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE**.  The Clerk of Court shall **CLOSE THIS CASE**.  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

DATED:   03/02/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[4]Plaintiff filed a complaint in state court concerning the June 30 attack on July 28, 2009.  *See Hairston v. Tim*, Case No. 09-cv-598-MJR (S.D. Ill.) (notice of removal).